UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-6354 CIV-UNGARO-BENAGES

MAGISTRATE JUDGE BROWN

BRYAN S. RUDY,

Plaintiff,

vs.

MIAMI DADE POLICE DEPARTMENT,

Defendant.
_______________________/

VERIFIED COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, BRYAN S. RUDY, by and through the undersigned attorney, and files this Verified Complaint and Jury Demand against MIAMI DADE POLICE DEPARTMENT as follows:

I. PRELIMINARY STATEMENT

1. This action seeks equitable and injunctive relief, compensatory damages, and attorney's fees and costs for discrimination in employment through two demotions, unfair evaluations and unfair investigations based on his race, national origin, marital status and in retaliation for complaining about discriminatory practices and under color of state law.

II. JURISDICTION

2. This action arises under the Reconstruction Era Civil Rights Act codified at 42 U.S.C. section 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq as amended by the Civil Rights Act of 1991 and the Florida Civil Rights Act of 1992 at Florida Statute Chapter 760.



LAW OFFICES OF RANDY A. FLEISCHER, P.A. Atrium Centre, Suite 3070, 4801 S. University Dr. Davie, FL 33328 (954)680-6300 Fax (954) 680-6805 E-Mail: rafesq@igc.org

3. Jurisdiction over the federal issues is invoked pursuant to 28 U.S.C. sections 1331, 1343(4), 42 U.S.C. section 2000e-5(f).

4. Equitable and injunctive relief is sought pursuant to The Civil Rights Act of 1991 and 42 U.S.C. sections 1983.

5. Compensatory damages are sought pursuant to The Civil Rights Act of 1991.

6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. sections 1988 and 2000e-5(k) and Federal Rule of Civil Procedure 54.

7. Plaintiff has satisfied all conditions precedent to the filing of this action.

III. VENUE

8. This action properly lies in the Southern District of Florida, pursuant to 28 U.S.C. section 1391(b), as the Defendant is a law enforcement agency organized under the laws of the State of Florida.

IV. PARTIES

9. BRYAN S. RUDY, (hereinafter RUDY) is a white non-Hispanic citizen and resident of the United States married to Catherine Rudy, another officer for the Defendant MIAMI DADE POLICE DEPARTMENT.

10. The MIAMI DADE POLICE DEPARTMENT, (hereinafter DEPARTMENT) is a Florida law enforcement agency and an employer, doing business in the State of Florida, and engaging in an industry affecting commerce and employs more than fifteen (15) regular employees.

V. FACTS

11. RUDY was hired by the DEPARTMENT in April 1984 as a police officer.

12. RUDY was promoted to corporal in July 1992 with an increase in pay.

13. RUDY was promoted to Sergeant in September 1993 with an increase in pay.

14. RUDY was promoted to Police Field Training Sergeant in March 1994 with an increase in pay.

15. In April 1997 Major Robert Parker, a black male, is appointed to the Miami Lakes District and becomes RUDY's supervisor.

16. Officers in the district heard rumors that Parker wanted to promote a black sargeant to the Field Training Supervisor position held by Sgt. RUDY.

17. In May 1997 RUDY's request for training as a Radar Instructor is denied by Captain Otero (Hispanic).

18. Major Parker later grants the request but subsequently instructs Captain Otero to have RUDY removed by the training bureau.

19. On July 14, 1997 the Miami Herald begins a five day series which includes erroneous comments that RUDY was married to another officer while doing DUI arrests together to claim unwarranted overtime pay.



LAW OFFICES OF RANDY A. FLEISCHER, P.A. Atrium Centre, Suite 3070, 4801 S. University Dr. Davie, FL 33328 (954)680-6300 Fax (954) 680-6805 E-Mail: rafesq@igc.org

20. On July 29, 1997, RUDY filed a hostile work environment complaint against Capt. Otero and Major Parker with the Police Benevolent Association.

21. The DEPARTMENT investigated RUDY and his wife because of their marital status although neither violated procedures that were in effect at the time of the allegations and the findings were not in compliance with precedent.

22. On September 6, 1997 RUDY was demoted from his position as Field Training Supervisor on the mid-night shift to Uniform Patrol Sergeant on the afternoon shift and received a reduction in pay.

23. RUDY was replaced by a black male sergeant (Derek Tillman) who was less qualified and non-certified because of his race.

24. In October 1997 RUDY filed a Charge of Discrimination with the EEOC regarding his demotion.

25. In January 1998 RUDY's requests to be returned to the midnight shift are denied by Major Parker in violation of the directive of Chief Brady.

26. RUDY had seniority to receive a shift change, but was denied the shift change in retaliation for filing a charge of discrimination and to cause hardship to RUDY's wife and family.

27. On April 28, 1998 Major Parker drove to RUDY's home to demote him to police officer and embarrass him in front of his wife and children.



LAW OFFICES OF RANDY A. FLEISCHER, P.A. Atrium Centre, Suite 3070, 4801 S. University Dr. Davie, FL 33328 (954)680-6300 Fax (954) 680-6805 E-Mail: rafesq@igc.org

28. The demotion and involuntary transfer for disciplinary reasons to an unwanted district violated Department regulations and was the result of illegal bias because of RUDY's race, national origin, marital status and in retaliation for filing EEOC charges.

29. In December 1998 and January 1999 appeal hearings are conducted on RUDY's appeal of his demotion through the grievance process.

30. On April 20, 1999 RUDY timely files a Charge of Discrimination with the Florida Commission on Human Relations complaining the demotion on April 29, 1998 was based on race, color, national origin, marital status and in retaliation for filing the previous EEOC charge.

31. In May 1999 RUDY was passed over for promotion to police lieutenant as a result of his previous retaliatory demotion to police officer.

32. On September 19, 2000 after a full investigation and after being updated as to the charges filed with the Florida Commission on Human Relations, the EEOC issued a Letter of Determination concluding that there was reasonable cause to find that the DEPARTMENT demoted RUDY from Field Training Supervisor on the midnight shift to Uniform Patrol Sergeant on the afternoon shift in violation of Title VII.

33. The DEPARTMENT refused the EEOC's request to conciliate and the Civil Rights Division of the U.S. Department of



LAW OFFICES OF RANDY A. FLEISCHER, P.A. Atrium Centre, Suite 3070, 4801 S. University Dr. Davie, FL 33328 (954)680-6300 Fax (954) 680-6805 E-Mail: rafesq@igc.org

Justice issued notice of RUDY's right to sue dated December 5, 2000 which RUDY received on December 13, 2000.

VI. CAUSES OF ACTION

A. First Cause of Action - 42 U.S.C. 1983

34. RUDY incorporates and realleges paragraphs 1 through 31.

35. By demoting RUDY under color of state law, the DEPARTMENT has violated 42 U.S.C. section 1983 in denying RUDY the same contract rights it affords to white employees and his Constitutional right to free speech.

B. Second Cause of Action - Title VII: Disparate Treatment

36. RUDY incorporates and reallege Paragraphs 1 through 31.

37. By demoting RUDY from Field Training Supervisor because he is white and non-Hispanic, the DEPARTMENT has violated the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

38. By demoting RUDY to police officer because of his race and national origin and in retaliation for filing a charge of discrimination with the EEOC, the DEPARTMENT has violated the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

C. Third Cause of Action - Florida Civil Rights Act of 1992

39. RUDY incorporates and reallege Paragraphs 1 through 31.

40. By unfairly investigating and subsequently demoting RUDY from Field Training Supervisor because he is white and



LAW OFFICES OF RANDY A. FLEISCHER, P.A. Atrium Centre, Suite 3070, 4801 S. University Dr. Davie, FL 33328 (954)680-6300 Fax (954) 680-6805 E-Mail: rafesq@igc.org

non-Hispanic, in retaliation for filing the previous EEOC complaint and because of his marital status, the DEPARTMENT has violated the Florida Civil Rights Act of 1992.

VII. PRAYER FOR RELIEF

41. W herefore RUDY prays that this Court:

a. Declare the conduct of the DEPARTMENT in violation of his rights;

b. Award him back pay;

c. Award him compensatory damages of $200,000.00 for discrimination in employment;

d. Award him punitive damages;

e. Award him costs and attorney's fees;

f. Order the DEPARTMENT to reinstate RUDY to the position of Sergeant and Field Training Supervisor as injunctive relief pursuant to 42 USC 1983 or a comparable position;

g. Order the DEPARTMENT to promote RUDY to the position of Lieutenant as of May 1999 as injunctive relief pursuant to 42 USC 1983 or a comparable position

h. Grant such other relief as the Court deems just and necessary.

VII. JURY DEMAND

42. RUDY demands a jury to try all claims triable by a jury.



LAW OFFICES OF RANDY A. FLEISCHER, P.A. Atrium Centre, Suite 3070, 4801 S. University Dr. Davie, FL 33328 (954)680-6300 Fax (954) 680-6805 E-Mail: rafesq@igc.org

Respectfully submitted,

RANDY A. FLEISCHER, P.A.
4801 S. University Dr.
Suite 3070
Davie Florida 33328
(954) 680-6300

Randy A. Fleischer, Esquire
Florida Bar No. 910546

**VERIFICATION**

I, BRYAN S. RUDY do hereby verify that all of the factual allegations related to me and made in the above Verified Complaint are true to the best of my belief and recollection.

BRYAN S. RUDY
Plaintiff

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared BRYAN S. RUDY, who, being by me first duly sworn and personally known to me, deposes and says that he has read the foregoing Verified Complaint and that the factual allegations relating to him are true and correct to the best of his knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me this 6th day of March, 2001.

My commission expires:

NOTARY PUBLIC

Randy A. Fleischer
MY COMMISSION # CC672015 EXPIRES
October 13, 2001
BONDED THRU TROY FAIN INSURANCE, INC.

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

01-6354

**I. (a) PLAINTIFFS**

BRYAN S. RUDY

**DEFENDANTS**

MIAMI DADE POLICE DEPARTMENT

CIV - UNGARO - BENAGES

MAGISTRATE JUDGE BROWN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: Dade 1:01CV6354 UU/STB

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
RANDY A. FLEISCHER
4801 S. Unversty Dr. Sute 3070
DAvie FL 33328 (954) 680-6300

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000e and 42 USC 1983 for employment discrimnation and violatoion of civil rights under color of state law.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 200,000.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 3/6/01

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 591758 AMOUNT 150.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______